UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DREW LOCKHART, | ) Case No. CV 17-3550-JVS (JPR) |
| Plaintiff, | ) |
| | ) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On September 5, 2018, Plaintiff filed Objections to the R. & R. Defendant filed a Reply on September 26. The Court has made a de novo determination of those portions of the R. & R. to which Plaintiff objected.

For the most part, as he did in the Joint Stipulation, Plaintiff simply restates principles of law without applying them to the specific facts of this case. Where he does specifically find fault in the Magistrate Judge's factual findings or

1

analysis, his arguments are not convincing.

For example, Plaintiff contends that certain factual findings the Magistrate Judge made about his ejection fractions were erroneous and therefore that he qualified under Listing 4.02. (See Objs. at 6.) But the Magistrate Judge found that the ALJ "likely erred" in finding that Plaintiff could not satisfy the portion of 4.02 concerning ejection fractions but that he could not show that he met the listing's other requirements. (R. & R. at 39.) Accordingly, any factual error by the Magistrate Judge was harmless.

Plaintiff objects that the ALJ's rejection of his subjective symptom testimony was not properly analyzed, in part because he has "subsequently" been assessed as falling into Class III of the American Heart Association's heart-failure categories, indicating marked limitation in physical activity. (See Objs. at 9.) But as the Magistrate Judge noted, at all relevant times Plaintiff was found to fall into Class I or II, the latter indicating only "slight limitation of physical activity." (See R. & R. at 15 n.9; see also id. at 14, 16, 17, 40.) That Plaintiff's condition may have deteriorated at some point after the ALJ's decision is of no moment.

Plaintiff also takes issue with the Magistrate Judge's statement that he did not point to any error in the reasons the ALJ gave for discounting the credibility of his symptom statements (R. & R. at 6, 20-27), asserting that "the Joint Stipulation repeatedly references testimony and treatment records in support of a finding that Plaintiff's symptoms were . . .

credible."[1]  (Objs. at 10 (citing J. Stip. at 16 & 41).)  But page 16 falls in Plaintiff's section of the Joint Stipulation concerning the ALJ's evaluation of the doctors' opinions, not the credibility of Plaintiff's statements.  It simply recounts a particular doctor's functional-limitation findings for Plaintiff.  Similarly, page 41 is in Plaintiff's portion of the Joint Stipulation addressing the ALJ's RFC finding, not the part challenging his assessment of Plaintiff's credibility.  Plaintiff's "hindsight attempt to string together an argument from quotes scattered throughout [his] opening brief" is insufficient to preserve an issue for appeal.  See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 487-88 (9th Cir. 2010); see also Stewart v. Colvin, No. CV 13-0105-GF-BMM, 2015 WL 275737, at *8 n.1 (D. Mont. Jan. 22, 2015) ("A court will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." (citation omitted)), aff'd, 674 F. App'x 634 (9th Cir. 2017).

For all these reasons as well as those pointed out in Defendant's Reply to Plaintiff's Objections, the Magistrate Judge did not err.  Having reviewed the record, the Court concurs with and accepts the Magistrate Judge's recommendations.  IT THEREFORE IS ORDERED that judgment be entered in the Commissioner's favor.

DATED: 2/11/2019

JAMES V. SELNA
U.S. DISTRICT JUDGE

---

[1] Plaintiff actually wrote "were not credible" in his Objections, but that appears to have been a scrivener's error.